# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LARRY C. NEUMANN and DARLENE NEUMANN,<br><br>  Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and EQUIFAX INFORMATION SERVICES, LLC,<br><br>  Defendants. | CIVIL ACTION NO.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiffs, Larry C. Neumann and Darlene Neumann (hereinafter "Plaintiffs"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, and by way of Complaint against Defendants, JPMorgan Chase Bank, National Association ("Chase") and Equifax Information Services, LLC ("Equifax") alleges as follows:

# INTRODUCTION

1.

This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

# PARTIES

2.

Plaintiffs, Larry C. Neumann and Darlene Neumann, are adult citizens of Illinois.

3.

Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4.

Defendant Chase is an FDIC-insured banking institution, headquartered in Columbus, Ohio, that furnishes consumer credit information to consumer reporting agencies.

5.

Defendant Equifax is a limited liability company, organized and existing under the laws of the State of Georgia, that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provide that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7.

Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of the state of Georgia and because defendant Equifax holds a principal office in this district.

## FACTUAL ALLEGATIONS

8.

Defendant Chase issued an account ending in 4012 to Plaintiffs. The account was routinely reported on Plaintiffs' consumer credit report.

9.

The consumer report at issue is a written communication of information concerning Plaintiffs' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, and mode of living. It serves as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10.

On or about April 30, 2020, Plaintiffs and Mandarich Law Group, LLP, on behalf of Chase, entered into a settlement agreement for the above-referenced account. A recording of the settlement is available upon request.

11.

Pursuant to the terms of the settlement, Plaintiffs was required to make a lump-sum payment in the amount of $8,130.00 to settle and close her Chase credit account.

12.

Plaintiffs, via their debt settlement representative, timely made the requisite settlement payment. A proof of this payment is attached hereto as <u>Exhibit A</u>.

13.

However, more than four months later, Plaintiffs' Chase account continued to be negatively reported.

14.

In particular, on a requested credit report dated September 16, 2020, Plaintiffs' Chase account was reported with a status of "CHARGE OFF," a balance of $3,482.00, and a past due balance of $3,482.00. The credit report identifies the with a number ending in 3576. The relevant portion of Plaintiffs' credit report is attached hereto as <u>Exhibit B</u>.

15.

This trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

16.

On or about October 15, 2020, Plaintiffs, through counsel, notified Equifax directly of a dispute with completeness and accuracy of the reporting of Plaintiffs' Chase account. A redacted copy of this letter and is attached hereto as <u>Exhibit C</u>.

17.

Therefore, Plaintiffs disputed the accuracy of the derogatory information reported by Chase to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18.

In December of 2020, Plaintiffs requested an updated credit report for review. The tradeline for Plaintiffs' Chase account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the December 2020 credit report is attached hereto as <u>Exhibit D</u>.

19.

Equifax did not notify Chase of the dispute by Plaintiffs in accordance with the FCRA; or alternatively Equifax did notify Chase, who then failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiffs' credit reports.

20.

If Chase or Equifax had performed a reasonable investigation of Plaintiffs' dispute, Plaintiffs' Chase account would have been updated to reflect a "settled" status with a balance of $0.00.

21.

Even though Chase has promised through its subscriber agreements or contracts to accurately update accounts, Chase has nonetheless willfully, recklessly, or negligently failed to follow this requirement, and it has failed to follow the related requirements set forth under the FCRA.  These failures have resulted in the intended consequences of this information remaining on Plaintiffs' credit reports.

22.

Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit information and Plaintiffs' credit report, concerning the account in question, thus violating the FCRA.  These violations occurred before, during, and after the dispute process began with Equifax.

23.

At all times pertinent hereto, Defendants were acting by and through their agents, servants and employees, who were acting within the scope and course of

their employment, and under the direct supervision and control of the Defendants herein.

24.

At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and employees, was intentional, willful, reckless, or negligent, and in wanton disregard for federal law and the rights of the Plaintiffs herein.

**CLAIM FOR RELIEF**

25.

Plaintiffs reasserts and incorporates herein by reference all facts and allegations set forth above.

26.

Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27.

Chase is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28.

Chase is reporting inaccurate credit information concerning Plaintiffs to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29.

Plaintiffs notified Defendants directly of a dispute on the account's completeness and accuracy, as reported.

30.

Chase failed to complete an investigation of Plaintiffs' written dispute and provide the results of an investigation to Plaintiffs and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31.

Chase failed to promptly modify the inaccurate information on Plaintiffs' credit report in violation of 15 U.S.C. § 1681s-2(b).

32.

Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiffs' disputes.

33.

Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34.

As a result of the above violations of the FCRA, Plaintiffs suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

35.

As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiffs demands that judgment be entered against Defendants as follows:

(a)  That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

(b)  That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

(c)  That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

(d)  That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

*/s/ William Thomas Hoover*
William Thomas Hoover
GA Bar No. 819305
william.h@gitmeidlaw.com
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
Fax: (877) 366-4747

*Counsel for Plaintiffs*